UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
| v. | S1 23 Cr. 407 (LTS) |
| AHMED ALTOREI,<br>      a/k/a "AK,"<br>SAMUEL BAUTISTA,<br>      a/k/a "Sammy," and<br>RONALD CORADIN,<br>      a/k/a "Scrappy," | |
| Defendants. | |

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1.     At all times relevant to this Indictment, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, and others known and unknown, were members and associates of "2860" (the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts involving murder and narcotics trafficking. The Enterprise operated principally in the Bronx, New York and particularly in the vicinity of 2860 Grand Concourse.

2.     2860, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose

of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

3. AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, participated in unlawful and other activities in furtherance of the conduct of the affairs of the Enterprise.

### Purposes of the Enterprise

4. The purposes of the Enterprise included the following:

a. Preserving and protecting the power and territory of the Enterprise through acts involving murder, other acts of violence, and threats of violence.

b. Promoting and enhancing the Enterprise and the reputation and activities of its members and associates.

c. Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d. Enriching the members and associates of the Enterprise through, among other things, the distribution of controlled substances, including cocaine and cocaine base, in a form commonly referred to as "crack."

e. Assisting members and associates of the Enterprise who committed crimes for and on behalf of the Enterprise, including members and associates who were imprisoned for those crimes.

### Means and Methods of the Enterprise

5. The means and methods employed by the members and associates of the Enterprise in conducting and participating in the conduct of the affairs of the Enterprise included the following:

2

a.          Members and associates of the Enterprise sold controlled substances, including cocaine and cocaine base, in a form commonly referred to as "crack."

b.          Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the Enterprise's power and criminal operations, to resolve disputes within the Enterprise, and against rivals and disfavored members of the Enterprise.

c.          Members and associates of the Enterprise obtained, possessed, and used firearms and other weapons.

## The Racketeering Conspiracy

6.          From at least in or about 2011 through at least in or about August 2023, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described in paragraphs 1 through 5 of this Indictment, namely, 2860, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of 2860 through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

a.          multiple acts and threats involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting); and

b.      multiple offenses involving the distribution of controlled substances, including cocaine and cocaine base, in a form commonly referred to as "crack," in violation of laws of the United States, to wit, Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2.

7.      It was a part of the conspiracy that AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

<u>Notice of Special Sentencing Factor</u>

8.      From at least in or about 2011 through at least in or about August 2023, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States, in violation of Title 21, United States Code, Section 846.

9.      It was a part and an object of the conspiracy that AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

10.      The controlled substances involved in the offense were (i) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (ii) 280 grams and more of mixtures and substances

4

containing a detectable amount of cocaine base, in a form commonly referred to as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Maiming, Attempted Murder, and Assault with a Dangerous Weapon in Aid of Racketeering)

The Grand Jury further charges:

11.     At all times relevant to this Indictment, 2860, as described in paragraphs 1 through 5 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

12.     At all times relevant to this Indictment, 2860, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and offenses involving the distribution of controlled substances, including cocaine and cocaine base in a form commonly referred to as "crack," in violation of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 2.

13.     On or about October 10, 2018, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary

value from 2860, and for the purpose of gaining entrance to and maintaining and increasing position in 2860, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly maimed, attempted to murder, and assaulted with a dangerous weapon another individual, and aided and abetted the same, to wit, ALTOREI used a knife to cut open the face and to stab the chest—piercing the heart—of a disfavored member of the Enterprise in the Bronx, New York, in violation of New York Penal Law, Sections 120.10, 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(2), (a)(3), (a)(5), and 2.)

## COUNT THREE
### (Attempted Murder and Assault with a
### Dangerous Weapon in Aid of Racketeering)

The Grand Jury further charges:

14.     At all times relevant to this Indictment, 2860, as described in paragraphs 1 through 5 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

15.     At all times relevant to this Indictment, 2860, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and offenses involving the distribution of controlled substances, including cocaine and cocaine base in

a form commonly referred to as "crack," in violation of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 2.

16.     On or about January 19, 2022, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," and SAMUEL BAUTISTA, a/k/a "Sammy," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 2860, and for the purpose of gaining entrance to and maintaining and increasing position in 2860, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to murder individuals and assaulted with a dangerous weapon individuals, and aided and abetted the same, to wit, ALTOREI directed BAUTISTA to shoot a rival drug trafficker, at whom BAUTISTA shot but missed, instead hitting an 11-month old baby girl, in the vicinity of East 198th Street and Valentine Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 125.25, 120.05, 120.14, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2.)

## COUNT FOUR
### (Use of a Firearm for Attempted Murder and Assault with a Dangerous Weapon)

The Grand Jury further charges:

17.     On or about January 19, 2022, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," and SAMUEL BAUTISTA, a/k/a "Sammy," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder and assault with a dangerous weapon in aid of racketeering charged in Count Three of the Indictment, knowingly used and carried a firearm, and

7

in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT FIVE
### (Narcotics Conspiracy)

The Grand Jury further charges:

18.     From at least in or about May 2018 through at least in or about August 2023, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

19.     It was a part and an object of the conspiracy that AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

20.     The controlled substances involved in the offense were (i) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (ii) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly referred to as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT SIX
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

21.     From at least in or about 2011 through at least in or about August 2023, excluding on or about January 19, 2022, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, a conspiracy from at least in or about 2011 through at least in or about August 2023 to distribute and possess with intent to distribute mixtures and substances containing detectable amounts of cocaine and mixtures and substances containing detectable amounts of cocaine base, in a form commonly referred to as "crack," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, knowingly used and carried firearms, and in furtherance of such crime, possessed firearms, and aided and abetted the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT SEVEN
### (Possession of Ammunition After a Felony Conviction)

The Grand Jury further charges:

22.     On or about January 19, 2022, in the Southern District of New York and elsewhere, AHMED ALTOREI, a/k/a "AK," and SAMUEL BAUTISTA, a/k/a "Sammy," the defendants, knowing BAUTISTA had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, two .380

caliber PMC cartridge casings, and the ammunition was in and affecting commerce, and aided and abetted the same.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

**FORFEITURE ALLEGATIONS**

23.     As a result of committing the offense alleged in Count One of this Indictment, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (a) any interest acquired or maintained as a result of the offense alleged in Count One; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense alleged in Count One; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity alleged in Count One.

24.     As a result of committing the offense alleged in Count Five of this Indictment, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

25.     As a result of committing the offenses alleged in Counts Four, Six, and Seven of this Indictment, AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and

RONALD CORADIN, a/k/a "Scrappy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses.

### Substitute Assets Provision

26.    If any of the above-described forfeitable property, as a result of any act or omission of AHMED ALTOREI, a/k/a "AK," SAMUEL BAUTISTA, a/k/a "Sammy," and RONALD CORADIN, a/k/a "Scrappy," the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 1963(m), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

11