**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                          :

        -against-                                       :

                                          :

AHMED ALTOREI                                      :

                         :          MEMORANDUM DECISION

            Defendant.                          :             AND ORDER

                         :

                         :          23 cr. 00407-1 (GBD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Defendant Ahmed Altorei, along with two co-defendants, is principally charged with participating in a racketeering conspiracy that involved the trafficking of cocaine and cocaine base or "crack" and the commission of crimes of violence, in violation of 18 U.S.C. section 1962(d) of the Racketeer Influenced and Corrupt Organizations Act. (S1 Indictment ¶¶ 1-10.)

Before this Court is Mr. Lance Lazzaro's motion to withdraw as counsel for Defendant Altorei. (Mot. to Withdraw as Att'y for Def. ("Motion"), ECF No. 104.) Mr. Lazzaro filed the Motion and supporting papers on December 24, 2025. (*Id.*) This Court held a status conference on January 7, 2026, at which the Motion was preliminarily discussed. This Court appointed Mr. Gary Kaufman as standby counsel on January 7, 2026. (*See* 1/7/2026 Tr.) This Court held a conference solely regarding the Motion on January 22, 2026. Defendant Altorei was given an opportunity to discuss the Motion with both counsel, and was advised by this Court of the dangers of proceeding with conflicted counsel. (*See* 1/22/2026 Tr.) At that time, Defendant indicated he wishes to continue with Mr. Lazzaro as his retained counsel, despite Mr. Lazzaro's request to be

relieved.[1] (1/22/2026 Tr. 21:15-21.)

The Government submitted a letter on February 2, 2026 to this Court on behalf of itself, retained counsel for the defendant, Mr. Lazzaro, and standby counsel for the defendant, Mr. Kaufman, in further support of the joint position of the Government, Mr. Lazzaro, and Mr. Kaufman regarding the Motion. (Letter ("Joint Ltr."), ECF No. 116.) The Government argues that a genuine conflict exists which is nonwaivable. (*See* 1/22/2026 Tr. 8:2-15; *Id.* at 1.) Mr. Lazzaro's motion to withdraw as counsel for Defendant Altorei is GRANTED. Mr. Gary Kaufman is hereby appointed to continue as trial counsel for Defendant Altorei pursuant to 18 U.S.C. § 3006A.

## I.    LEGAL STANDARD

Under the Sixth Amendment, there is a presumption in favor of representation by a defendant's counsel of choice. *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004). That presumption, however, is "overcome by a showing of an actual conflict or a potentially serious conflict." *Id.* The essential aim of the Sixth Amendment's right to counsel is to "guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Therefore, when a court has been informed of the possibility of a defense counsel's conflict of interest, it has a threshold obligation to "determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994); *see also United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998).

---

[1] This Court notes the unique posture of Defendant's expressed interest in continuing with Mr. Lazzaro, which appears to be as leverage for return of the retainer fee previously paid to Mr. Lazzaro. (*See* 01/22/2026 Tr. 13:23-24 ("DEFENDANT ALTOREI: If he wants to resign, I can understand. But is he going to give me my money back?"); *see also* 01/22/2026 Tr. 17:18-22, 22:1-6, 11-15.)

An actual conflict exists "when the attorney's and the defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action,' or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." *Jones*, 381 F.3d at 119 (quoting *U.S. v. Feyrer*, 333 F.3d 110, 116 (2d Cir. 2003)). An attorney has a potential conflict of interest if the interests of the defendant could place the attorney under inconsistent duties in the future. *See id.* (citing *Kliti*, 156 F.3d at 153 n. 3).

Even if an attorney's actual or potential conflict does not rise to the level of a *per se* conflict, the inquiring court must "determine whether a rational defendant would knowingly want to be represented by the conflicted lawyer." *Id.* at 120. If not, "the trial court is obliged to disqualify the attorney." *Id.*; *see also Levy*, 25 F.3d at 153; *United States v. Lussier*, 71 F.3d 456, 461 (2d Cir. 1995). Regardless of the severity, when a counsel's conflict, actual or potential, may "result in inadequate representation of a defendant or jeopardize the federal court's institutional interest in the rendition of a just verdict, a trial judge has discretion to disqualify an attorney or decline a proffer of waiver." *United States. v. Fulton*, 5 F.3d 605, 612 (2d Cir. 1993).

## II.   MR. LAZZARO'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT IS GRANTED

Mr. Lazzaro has identified a series of actual and potential conflicts that, taken together, overcome the presumption in favor of representation by a defendant's counsel of choice. (*See* Joint Ltr. at 3.) Further, regardless of severity, the conflicts raised in the Motion and on the record do not support a finding that a rational defendant would knowingly and voluntarily desire Mr. Lazzaro's continued representation. *See Lussier*, 71 F.3d at 461. Mr. Lazzaro must accordingly be granted leave to withdraw as counsel for Defendant.

First, Mr. Lazzaro's representation of Defendant is impaired by his continuing duty of loyalty owed to a prior client. The Second Circuit Court of Appeals has held that an actual conflict

3

of interest exists where the attorney's representation of the defendant "is impaired by loyalty owed to a prior client." *Jones*, 381 F.3d at 119. A potential conflict exists when the interests of the defendant may place the attorney under inconsistent duties at some time in the future. *Kliti*, 156 F.3d at 153 n. 3. Here, the Government and Mr. Lazzaro have represented that Defendant threatened physical harm to a prior client of Mr. Lazzaro who referred the defendant to Mr. Lazzaro, and whom the defendant holds accountable for his dissatisfaction with Mr. Lazzaro. (*See* 01/22/2026 Tr. 8:3-4, 23:1-13; *see also* Joint Ltr. at 3.) Defendant has not disputed this representation. *Id.*

A threat to a prior client of Mr. Lazzaro is distinguishable from threats to defense counsel or defense counsel's family that the Second Circuit held did not warrant withdrawal. *See United States v. John Doe No. 1*, 272 F.3d 116, 126 (2d Cir. 2001) (holding that Defendant's alleged threats to defense counsel and his family did not create an actual conflict of interest, as would support defendant's claim that his Sixth Amendment right to effective assistance of counsel was violated as result of irreconcilable differences.) Here, a threat to a prior client implicates the continuing duty of loyalty Mr. Lazzaro owes to the client (New York Rule of Professional Conduct 1.7(a)(1) ("a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests"). It impairs Mr. Lazzaro's continued representation of Defendant. This creates an actual conflict warranting Mr. Lazzaro's withdrawal. At the very least, a threat to a prior client to whom Mr. Lazzaro owes a continuing duty of loyalty (*See* 01/22/2026 Tr. 8:3-4, 23:1-13; *see also* Joint Ltr. at 3) could place Mr. Lazzaro under inconsistent duties in the future. *See Kliti*, 156 F.3d at 153 n. 3. This would present at minimum a potential conflict of interest, warranting further consideration within the context of other cited conflicts.

4

Next, Defendant's threats against Mr. Lazzaro create a significant risk that Mr. Lazzaro's interests will diverge from those of Defendant going forward. An actual conflict of interest exists when the attorney's and the defendant's interests "diverge with respect to a material factual or legal issue or to a course of action." *Feyrer*, 333 F.3d at 116.

Here, the record reflects that Defendant persists in stating that upon his release he will file a lawsuit against Mr. Lazzaro and bring further damage to Mr. Lazzaro's professional reputation by posting adverse statements on social media. (*See* 01/22/2026 Tr. 23:14-18, 24:15-19; *see also* Motion ¶¶ 9, 13.) The Government and Mr. Lazzaro represent that these threats against Mr. Lazzaro stem in part from Defendant's claim that Mr. Lazzaro misadvised Defendant concerning the collateral consequences of a strategic decision that the defendant made twice, and that will have ongoing consequences throughout these proceedings and during trial. (Joint Ltr. at 3; *see also* Motion ¶¶ 9, 12.) Further, Defendant accuses Mr. Lazzaro of having conspired with Defendant's friend and former business partner, who paid to Mr. Lazzaro Defendant's retainer, to keep Defendant incarcerated so that Defendant is unable to assert his rights to property co-owned with the business partner. (*See* Motion ¶¶ 9, 13.)

Such threats are distinguishable from expressing mere dissatisfaction with Mr. Lazzaro's performance. *See John Doe No. 1*, 272 F.3d at 126 (holding that a defendant cannot establish an actual conflict of interest merely by expressing dissatisfaction with the attorney's performance). Here, by contrast, Defendant goes beyond expressing dissatisfaction with Mr. Lazzaro's performance and threatens financial and reputational damage to Mr. Lazzaro. (*See* Motion ¶¶ 9, 13.) The threats to file a lawsuit against Mr. Lazzaro and make public accusations on social media not only deteriorate the relationship between Defendant and counsel but also create a substantial

risk that Mr. Lazzaro's interests, both financial and reputational, will diverge from those of Defendant. *See Feyrer*, 333 F.3d at 116.

This is of particular concern in a scenario where Mr. Lazzaro's fear of or desire to avoid financial or reputational damage from Defendant's public accusations would "affect virtually every aspect of [his] representation of the defendant" and create diverging interests. *Fulton*, 5 F.3d at 613. The prospect of future litigation or professional harm arising from strategic decisions made during proceedings may materially limit Mr. Lazzaro's representation of Defendant. (*See* Motion ¶¶ 9, 13.) Such diverging interests in courses of action would only be exacerbated leading up to and during trial, particularly in light of Defendant's accusation that Mr. Lazzaro is conspiring with his former business partner to keep Defendant incarcerated. *Id.* Defendant's threats against Mr. Lazzaro create a significant risk that Mr. Lazzaro's interests will diverge from those of Defendant, creating a serious and actual conflict.

Lastly, the record and stated conflicts do not support a finding that a rational defendant "would knowingly and voluntarily desire [Mr. Lazzaro's] representation." *Lussier*, 71 F.3d at 461. Even if an attorney's actual or potential conflict does not rise to the level of a *per se* conflict, the inquiring court must "determine whether a rational defendant would knowingly want to be represented by the conflicted lawyer." *Jones*, 381 F.3d at 120. If not, the court is "obliged to disqualify the attorney." *Id.* Here, Defendant wishes to continue with Mr. Lazzaro as his retained counsel (01/22/2026 Tr. 21:15-21), even as the record reflects Defendant has threatened Mr. Lazzaro's professional and financial interests, and has expressed his belief that Mr. Lazzaro is conspiring to keep him incarcerated. (*See* Joint Ltr. at 3; Motion ¶¶ 9, 13.)

Mr. Lazzaro, in his statements to the Court in front of Defendant and in the Motion read to Defendant (*See* 01/22/2026 Tr. 2:23-25), has expressed that the attorney-client relationship has

deteriorated to the point where continued representation of Defendant would be inappropriate such that it could constitute reversible error.  (01/22/2026 Tr. 21:11-14.)  After this Court reiterated in detail the potential conflicts at issue, Defendant expressed only one rationale for his desire to continue with Mr. Lazzaro—whether Mr. Lazzaro is going to keep the retainer fee that he was paid.   (01/22/2026 Tr. 13:23-24 ("DEFENDANT ALTOREI: If he wants to resign, I can understand. But is he going to give me my money back?"); *see also* 01/22/2026 Tr. 17:18-22, 22: 1-6, 11-15.)

This stated position makes a conclusion that a "rational defendant would knowingly and voluntarily desire the attorney's representation" even more tenuous. *Lussier*, 71 F.3d at 461. Defendant wishes to recover the value of the retainer fee paid to Mr. Lazzaro, and appears to be focused on using Mr. Lazzaro's continued representation as leverage for recovering the fee. (*See* 01/22/2026 Tr. 13:23-24.)   Defendant has not expressed confidence in his attorney-client relationship with Mr. Lazzaro, or any other reason for continuing with Mr. Lazzaro.  His desire to recover the value of his retainer fee does not provide a reasonable basis for this Court to conclude that a rational defendant would knowingly want to be represented by Mr. Lazzaro under these circumstances. *Jones*, 381 F.3d at 120.  Defendant is facing very serious consequences if convicted of the charges against him.  His own attorney's application to be relieved also carries significant weight.  Therefore, this Court is obliged to grant Mr. Lazzaro's motion to withdraw as counsel for Defendant. *See id.*

## III.    CONCLUSION

Mr. Lance Lazzarro's motion to withdraw as counsel for Defendant Ahmed Altorei is GRANTED.  Mr. Gary Kaufman is hereby appointed to continue as trial counsel for Defendant Altorei pursuant to 18 U.S.C. § 3006A.  The Clerk of Court is directed to close the open motion at ECF No. 104 accordingly.

Dated:  **FEB 1 9 2026**

New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

8